UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
AUG 1 8 2015
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:                                    )    Case No. 13-30690-B-11
                                          )
WILLIAM V. PRIOR,                         )    DC No. TCB-1
                                          )
            Debtor(s).                    )
_____)

**MEMORANDUM DECISION DENYING MOTION FOR APPROVAL OF ATTORNEYS'
FEES AND COSTS INCURRED BY SECURED CREDITOR TRI COUNTIES BANK**

**INTRODUCTION**

Presently before the court is a *Motion for Approval of Attorneys' Fees and Costs Incurred by Secured Creditor Tri Counties Bank*. Secured creditor Tri Counties Bank moves under 11 U.S.C. § 506(b) for an allowance of the post-petition attorney's fees and expenses it incurred in this chapter 11 case. Section 506(b) permits an over-secured creditor to recover reasonable post-petition attorney's fees and expenses under an agreement or state law. Debtor William V. Prior has opposed the motion. The bank has replied to the debtor's opposition.

The motion was heard on July 7, 2015. Robert E. Izmirian, Esq., appeared for the bank. George C. Hollister, Esq., appeared for the debtor. Notice of the motion was properly given to all required parties in interest.

The court has reviewed and considered the motion, opposition, reply, all related declarations and exhibits, and the debtor's confirmed third amended plan of reorganization. The

court also heard and considered the arguments of counsel stated on the record in open court. This memorandum decision constitutes the court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a) made applicable by Federal Rule of Bankruptcy Procedure 7052 and 9014.

**BACKGROUND**

The bank holds two promissory notes executed by the debtor. The debtor's obligations under those promissory notes are classified as "Allowed Secured Claims" in Class 1(a) and Class 1(b) of the third amended plan. The Class 1(a) claim is secured by real property known as 750, 760, 770, and 780 Lincoln Way, Auburn, California. The third amended plan describes this property collectively as the 750 Lincoln Way property. The Class 1(b) claim is secured by real property known as 905-907 Lincoln Way, Auburn, California. The third amended plan describes this property collectively as the 905 Lincoln Way property.

Based on provisions in the aforementioned promissory notes, the bank requests the attorney's fees and expenses it incurred from the petition date through July 7, 2015. Attorney's fees total $112,430.50 and expenses total $455.56. The bank also requests an additional $3,000 for preparation of the motion and an appearance by counsel at the hearing on the motion.

The bank relies *exclusively* on the third amended plan to establish that its allowed secured claim is over-secured. The extent of the bank's evidence that its claim is over-secured

consists of a statement in the bank's motion that "[t]he confirmed Plan treats [the bank] as fully-secured." The bank submitted a declaration and exhibits with its motion; however, that declaration addresses the reasonableness of the attorney's fees and expenses requested and says nothing about the treatment of the bank's secured claim. The bank also submitted a supplemental declaration and additional exhibits with its reply. As explained further below, the supplemental declaration and the exhibits submitted with it corroborate admissions by the bank in its reply that "at no time has [it] alleged to be over-secured" and, in fact, "[it] was not over-secured." As a result of those admissions, the court is not persuaded by the bank's argument that its claim is over-secured in or by confirmation of the third amended plan. That means the bank has failed to satisfy its burden of proof (both as to production and persuasion) on an essential element of its § 506(b) claim. And that also means the bank's motion will be denied.

**JURISDICTION AND VENUE**

Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. This matter is a core proceeding that a bankruptcy judge may hear and determine. 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). To the extent it may ever be determined to be a matter that a bankruptcy judge may not hear and determine without consent, the parties nevertheless consent to such determination by a bankruptcy judge. 28 U.S.C. § 157(c)(2). Venue is proper under 28 U.S.C. § 1409.

## DISCUSSION

The bank's motion is brought under § 506(b) which states:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b).

The provision on its face sets up four basic requirements for the allowance of post-petition attorney's fees and expenses to a secured creditor: (1) the claim must be an allowed secured claim; (2) the creditor holding the allowed secured claim must be over-secured; (3) the entitlement must be provided for under some agreement or state statute; and (4) the fees and expenses sought must be reasonable. Kord Enters. II v. Cal. Commerce Bank (In re Kord Enters. II), 139 F.3d 684, 687 (9th Cir. 1998). As the § 506(b) applicant, the bank bears the burden of proving each element. In re Scarlet Hotels, LLC, 392 B.R. 698, 703 (6th Cir. BAP 2008). The bank has failed to prove the second element.

Based on the Class 1(a) and Class 1(b) debt amounts stated in Articles 6.02, 6.02.1, and 6.02.4 of the third amended plan and the values of the 750 and 905 Lincoln Way properties in Articles 5.05 and 5.06 characterized as "assumptions," the third amended plan treated the bank's claim as fully-secured. According to the bank, however, that treatment did not establish that the bank's allowed secured claim was actually over-secured.

The bank's reply to the debtor's opposition states as follows:

> Prior assets, without proof whatsoever, that at all times [the bank] was over-secured, arguing that because it was well secured it should not have taken steps to protect itself. **At no time has TCB alleged that it was over-secured. Prior's Plan, as confirmed, assumed such based entirely on Prior's personal opinion of values.** In fact, the value of the real property collateral has never faced a judicial determination. **Attached to the Supp. Decl. are the summary pages of TCB's appraisals of the [750 and 905 Lincoln Way] properties demonstrating that TCB was not over-secured.**

Dkt. 236 at 2:10-19 (emphasis added). These statements are consistent with the bank's declaration and supplemental declaration, and their related exhibits. Therefore, they will be treated as admissions for purposes of this proceeding. See <u>In re Applin</u>, 108 B.R. 253, 259 (Bankr. E.D. Cal. 1989); <u>see also</u> Fed. R. Evid. 801(d)(2)(A).

The declaration that the bank submitted with its motion states that time entries the bank also submitted with its motion are true and correct. The following time entries submitted by the bank reflect the bank's pre-confirmation recognition that its secured claim was not over-secured:

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 3/10/15 | REI | REVIEW/ANALYSIS OF LEGAL RESEARCH RE: § 506 RIGHTS TO ATTORNEY'S FEES FOR UNDERSECURED CREDITOR | .2 | 120.00 |
| 3/10/15 | VBP | REVIEW/ANALYSIS OF WHETHER TRI COUNTIES MAY SUBMIT A CLAIM FOR ATTORNEYS FEES AS AN UNDERSECURED CREDITOR (1.1); DRAFT SUMMARY OF CONCLUSIONS REGARDING SAME | 1.7 | 552.50 |

The bank also filed a supplemental declaration with its reply which included - and authenticated - payoff invoices for the Class 1(a) and Class 1(b) secured claims. The supplemental declaration also included - and authenticated - appraisals of the 750 and 905 Lincoln Way properties obtained by the bank.[1] To be clear, these are the bank's records submitted by the bank to support and corroborate the bank's admissions in the reply that at no time was it or did it claim to be over-secured. And they do indeed corroborate those admissions.

The supplemental declaration identifies a payoff of $1,004,921.05 for the Class 1(a) claim/750 Lincoln Way property obligation and a payoff of $995,406.51 for the Class 1(b)/905 Lincoln Way property obligation. The supplemental declaration also states those payoffs do not include the delinquent property taxes the bank advanced the debtor under the third amended plan in the amounts of $167,432.31 for the 750 Lincoln Way property and $165,738.92 for the 905 Lincoln Way property. When those tax advances are added to the bank's payoffs, the totals, according to the supplemental declaration, become $1,172,353.36 owing on the Class 1(a)/750 Lincoln Way property obligation ($1,004,921.05 + $167,432.31) and $1,161,145.43 owing on the Class 1(b)/905 Lincoln Way property obligation ($995,406.51 + $165,738.92). And

---

[1] Although the reply states these appraisals are not submitted to prove the precise values of the 750 and 905 Lincoln Way properties, they are submitted to support the bank's position that it was not over-secured and the treatment of its secured claim as fully-secured in the third amended plan was an unsubstantiated assumption.

when those payoffs are compared to the bank's appraisals of $1,160,000 for the Class 1(a)/750 Lincoln Way property obligation and $1,070,000 for the Class 1(b)/905 Lincoln Way property obligation the bank's supplemental declaration shows that, consistent with the admissions in the reply, the bank's claim is not over-secured on the 750 Lincoln Way property/Class 1(a) obligation by $12,353.36 ($1,160,000 [bank appraisal] - $1,172,353.36 [bank payoff]) and not over-secured on the 905 Lincoln Way property/Class 1(b) obligation by $91,145.42 ($1,070,000 [bank appraisal] - $1,161,145.43 [bank payoff]).

Given the temporal breadth of the bank's admission, *i.e.*, "at no time" has it alleged to be over-secured and the unequivocal statement that it was in fact not over-secured, both supported by the bank's own evidence, the court is not persuaded by the bank's argument that its claim is over-secured in or by confirmation of the third amended plan. In other words, although the bank's secured claim may have been treated as fully-secured in the third amended plan, by the bank's own admission, evidence, and argument that treatment did not establish that the bank's secured claim was actually over-secured.[2] Accordingly, that

---

[2] The court is also not persuaded this determination could have been made in the confirmation proceedings which further supports the court's conclusion, based on the debtor's admissions, that this element of § 506(b) was not determined in or by confirmation of the third amended plan. Article 1.06 excepts post-petition attorney's fees and expenses from the definition of an "Allowed Secured Claim" unless they are provided for in the plan or subsequently determined in accordance with Article 9.01. The bank's post-petition attorney's fees were not provided for in the third amended plan and, in fact, were expressly carved-out of the bank's allowed secured claim by

-7-

means res judicata does not apply.  See <u>Miller v. U.S.</u>, 363 F.3d 999, 1004 (9th Cir. 2004); <u>Trulis v. Barton</u>, 107 F.3d 685, 691 (9th Cir. 1997).

**CONCLUSION**

The bank has not satisfied its burden of proof on an essential element of its § 506(b) claim.  That is, the bank has not demonstrated or persuaded the court that its secured claim is over-secured in or by confirmation of the third amended plan.  Therefore, for the reasons stated above, the bank's motion and its request for post-petition attorney's fees and expenses under § 506(b) are DENIED.

A separate order will enter.

Dated:  August 18, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE

---

Article 6.02 because there was no agreement between the bank and the debtor.  That means the bank could recover its attorney's fees and expenses, if at all, under the procedure in Article 9.01 which required a post-confirmation proceeding.  And that also means the issue of whether the bank was over-secured had to be determined after confirmation and not by the plan itself.  Indeed, the court expressly retained post-confirmation jurisdiction in Article 16 for that purpose.

- 8 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

George C. Hollister
655 University Ave #200
Sacramento CA 95825

Robert E. Izmirian
55 Second Street, 17th Floor
San Francisco CA 94105