UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:  ) Case No. 13-30690-B-11
 )
WILLIAM V. PRIOR, ) DC No. HSM-1
 )
                 Debtor(s). )
_____)

**MEMORANDUM DECISION GRANTING IN PART APPLICATION FOR ALLOWANCE OF POST-PETITION ATTORNEYS' FEES AND EXPENSES FOR SECURED CREDITOR MICHAEL E. REESE**

**INTRODUCTION**

    Presently before the court is an *Application for Allowance of Post-Petition Attorneys' Fees and Expenses for Secured Creditor Michael E. Reese.* Secured creditor Michael E. Reese moves under 11 U.S.C. § 506(b) for an allowance of the post-petition attorney's fees and expenses incurred in this chapter 11 case from the petition date through June 19, 2015. Section 506(b) permits an over-secured creditor to recover reasonable post-petition attorney's fees and expenses when permitted by an agreement or state law. Debtor William V. Prior opposed the motion. Mr. Reese replied to the debtor's opposition. For the reasons stated below, the application will be granted in part.

    The application was heard on September 8, 2015. Howard S. Nevins, Esq., appeared for Mr. Reese. George C. Hollister, Esq., appeared for the debtor. Notice of the application was properly given to all required parties in interest.

The court has reviewed and considered the application, opposition, reply, all related declarations and exhibits, and the debtor's confirmed third amended plan of reorganization. The court also heard and considered the arguments of counsel stated on the record in open court. This memorandum decision constitutes the court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a) made applicable by Federal Rule of Bankruptcy Procedure 7052 and 9014.

**BACKGROUND**

Mr. Reese holds a promissory note executed by the debtor. The note is secured by three undeveloped lots located in Auburn, California. The original principal amount of the note was $150,000.00. According to an amended proof of claim, Mr. Reese is owed $212,299.27 through June 19, 2015. The debtor's obligation under these loan documents is classified as an "Allowed Secured Claim" in Class 2 of the third amended plan.

Based on the terms of the loan documents, Mr. Reese requests attorney's fees and expenses totaling $24,454.50 as follows: attorney's fees in the amount of $19,054.50, late charges in the amount of $3,300.00, a license inquiry fee in the amount of $100.00, and estimated attorney's fees in the amount of $2,000.00 for preparation and prosecution of the application.[1]

---

[1] The application incorrectly states the total is $24,545.50. The actual total is $24,454.50.

**JURISDICTION AND VENUE**

Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. This matter is a core proceeding that a bankruptcy judge may hear and determine. 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). To the extent it may ever be determined to be a matter that a bankruptcy judge may not hear and determine without consent, the parties nevertheless consent to such determination by a bankruptcy judge. 28 U.S.C. § 157(c)(2). The court also retained post-confirmation jurisdiction in Articles 9.01 and 16 of the third amended plan to determine § 506(b) matters. Venue is proper under 28 U.S.C. § 1409.

**DISCUSSION**

The application is brought under § 506(b) which states:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b).

The provision on its face sets up four basic requirements for the allowance of post-petition attorney's fees and expenses to a secured creditor: (1) the claim must be an allowed secured claim; (2) the creditor holding the allowed secured claim must be over-secured; (3) the entitlement must be provided for under some agreement or state statute; and (4) the fees and expenses sought must be reasonable. Kord Enters. II v. Cal. Commerce Bank (In re

Kord Enters. II), 139 F.3d 684, 687 (9th Cir. 1998). As the § 506(b) applicant, Mr. Reese bears the burden of proving each element. In re Scarlet Hotels, LLC, 392 B.R. 698, 703 (6th Cir. BAP 2008). Mr. Reese has satisfied his burden of proof as to each element.

The first element is satisfied by the debtor's third amended plan which provides for Mr. Reese's Class 2 claim as an "Allowed Secured Claim." During oral argument on September 8, 2015, the debtor conceded that Mr. Reese's allowed secured claim is oversecured so the second element is also satisfied. The parties do not dispute that the loan documents provide for the recovery of the attorney's fees and expenses requested in the application, which the debtor also acknowledged during oral argument. The only dispute concerns reasonableness of the attorney's fees and expenses requested. Mr. Reese bears the burden of demonstrating reasonableness. In re Parreira, 464 B.R. 410, 415 (Bankr. E.D. Cal. 2012) (citations omitted).

The debtor objects to the attorney's fees component of the application on the basis the fees are "lumped." The court overrules that objection. Lumping, or block billing, is a timekeeping method by which each lawyer enters the total daily time spent working on a case rather than itemizing time spent on specific tasks. Welch v. Met. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007). The practice is universally disapproved by bankruptcy courts. In re Recycling Indus., Inc., 243 B.R. 396, 406 (Bankr. D. Colo. 2000). Although typically applied in the context of § 330, "lumping" also applies to requests under

§ 506(b). Parreira, 464 B.R. at 415 ("Because all professional fees awarded into a bankruptcy case are effectively paid from assets of the bankruptcy estate and because both Code sections use the term 'reasonable,' the court may apply to its § 506(b) analysis the same principles and case law that govern the award of fees under § 330. (Citation omitted)").

Time entries in this case are not lumped in the traditional sense. Although Mr. Reese does not provide a task summary as would typically be expected with a § 330 motion, multiple time entries on the invoices submitted with the application are not grouped in a single, aggregated entry. Numerous days include multiple entries; however, except for a few days with de minimus time entries, each task performed on a particular date is listed separately with a corresponding time entry for the separate task. The court is, therefore, able to ascertain the amount of time spent on a particular task on a particular day.

The court is also persuaded that, except for the $2,000.00 requested as an "estimate" for preparation and prosecution of the application, the attorney's fees and expenses requested by Mr. Reese are reasonable and the services provided by Mr. Reese's attorneys were necessary to protect Mr. Reese's rights and interests under the third amended plan.[2]

Through the second amended plan the debtor sought to substantially affect Mr. Reese's rights under the note and deed of trust. The debtor also sought to abrogate significant

---

[2]Because there are no invoices for the "estimated" time, the court is unable to determine if the amount is reasonable.

1 bargained-for rights under those loan documents. It was only
2 after Mr. Reese objected to confirmation of the second amended
3 plan on the basis it was not feasible, it was not fair and
4 equitable, it violated numerous provisions of the Bankruptcy
5 Code, and it unfairly discriminated against Mr. Reese that the
6 debtor ultimately proposed terms that resolved Mr. Reese's
7 objections. Resolution of Mr. Reese's meritorious objections
8 also negated the need for an evidentiary hearing and, thus,
9 allowed the debtor to confirm a consensual plan. That provided
10 a tremendous benefit to the debtor in that it eliminated the
11 expense and delay associated with what otherwise would have been
12 a contested confirmation hearing. Moreover, the time spent to
13 achieve that outcome was minimal compared to what would have been
14 spent, and for which the debtor may have been liable under the
15 loan documents, had Mr. Reese's objection not been favorably
16 resolved. Under these circumstances, the court does not consider
17 a total of $19,054.50, which represents 52.4 hours over the
18 course of five months at an average billing rate of $363.64 per
19 hour, unreasonable.

**CONCLUSION**

Mr. Reese has satisfied his burden of proof under § 506(b). Therefore, for the reasons stated above, the application will be GRANTED IN PART and attorney's fees and expenses in the amount of $22,454.50, allocated as follows, will be allowed and awarded

under § 506(b):[3]

Attorney's fees:             $19,054.50

Late charges:                  3,300.00

License inquiry                  100.00

A separate order will enter.

Dated: September 9, 2015.

UNITED STATES BANKRUPTCY JUDGE

---

[3]Because the court grants Mr. Reese's application under § 506(b), it need not address Mr. Reese's claim under § 502. See Travelers Casualty v. PG&E, 127 S. Ct. 1199 (2007); SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.), 571 F.3d 826, 838-43 (9th Cir. 2009). Therefore, any request for attorney's fees and expenses under § 502 is denied as moot.

-7-

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

George C. Hollister
655 University Ave #200
Sacramento CA 95825

Howard S. Nevins
2150 River Plaza Dr #450
Sacramento CA 95833-3883